IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AARON SLOAN,
    Plaintiff

vs.

MARILYN BROOKS, et al,
    Defendants

C.A.No. 08-163 Erie

**District Judge McLaughlin**
**Chief Magistrate Judge Baxter**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 17] be granted. It is further recommended that Plaintiff's motion to amend the complaint [Document # 26] be denied as futile. The Clerk of Courts should be directed to close this case.

**II    REPORT**

    **A.    Relevant Procedural History**

Plaintiff, a state prisoner, brought this civil rights action under 42 U.S.C. § 1983. Named as Defendants are: Marilyn Brooks, former Superintendent of SCI-Albion; William Cole, former disciplinary hearing examiner; Timothy Mark, Deputy Chief Counsel for Hearings and Appeals; and unnamed Program Review Committee Members. Plaintiff seeks monetary relief.

In his Amended Complaint, Plaintiff alleges that these Defendants violated his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. More specifically, Plaintiff alleges:

> 1) After a brief interview with Lieutenant Szelewski, I was taken to the Restricted Housing Unit and given a misconduct report on April 13, 2007. 2) On April 23,

1

> 2007, my disciplinary hearing was held by Disciplinary Hearing Examiner William Cole. At disciplinary hearing, I was denied appropriately requested witnesses, to cross-examine opposing witnesses, a continuance, to present evidence on my behalf, and to question evidence against me by hearing examiner William Cole. 3) After being found guilty by [...] Cole I timely appealed the verdict to Program Review Committy [sic] officers. In the appeal I stated all reason that the verdict should be overturned. 4) After verdict was upheld I appeal[ed] the Program Review Committy's [sic] decision to Superintendent Marilyn Brooks on all available grounds of appeal. 5) The verdict of both the Disciplinary Hearing Examiner and the Program Review Committy [sic] were upheld by the Superintendent. This led to my appeal to the Deputy Chief Counsel [sic] for Hearings and Appeals Timothy Mark, which also upheld the verdict of prior levels of appeal.

Document # 16.

Defendants have filed a motion to dismiss or alternatively for summary judgment [Document # 17] and Plaintiff has filed an Opposition Brief [Document # 30]. Plaintiff has also filed a motion to further amend the complaint [Document # 26]. The issues are fully briefed and this motion is ripe for disposition by this Court.

   B.   **Standards of Review**

      1.   *Pro Se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir.

1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**2.      Motion to dismiss**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3d Cir. Feb. 5, 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3.

### 3. Motion for summary judgment pursuant to Rule 56

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Fourteenth Amendment

Plaintiff alleges that his Fourteenth Amendment rights have been violated by Defendants.[1]

"Due process" is guaranteed through the Fourteenth Amendment of the United States Constitution which provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. The Due Process Clause was

---

[1] Plaintiff also alleges that his Fifth Amendment rights have been violated. However, the protections of the Fifth Amendment's due process clause are subsumed by the protections of the Fourteenth Amendment's due process clause in the context of a claim against state officials.

5

promulgated to secure the individual from the arbitrary exercise of the powers of government. The "procedural" aspect of the Due Process Clause requires the government to follow appropriate procedures to promote fairness in governmental decisions; while the "substantive" aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression. Daniels v. Williams, 474 U.S. 327, 329-33 (1986).

In analyzing a due process claim in the context of the claim presented here, the first step is to determine whether the nature of the interest is one within the contemplation of the liberty language of the Fourteenth Amendment. See Fuentes v. Shevin, 407 U.S. 67 (1972). A protected liberty interest may arise from the Constitution itself or from state-created statutory entitlement. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Board of Regents v. Roth, 408 U.S. 564 (1972).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court announced a new rule for determining whether prison conditions deprive a prisoner of a liberty interest that is protected by the due process guarantees. The Court concluded that such a liberty interest arises whenever the deprivation suffered by the prisoner imposes an "*atypical and significant hardship* on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (italics added). Applying this test, the Supreme Court concluded that the prisoner at issue in Sandin did not have a protected liberty interest in remaining free of disciplinary detention or segregation "because his thirty-day detention, although punitive, 'did not exceed similar, but totally discretionary confinement in either duration or degree of restriction.'" Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) quoting Sandin, 515 U.S. at 486. See also Wilkinson v. Austin, 545 U.S. 209, 223 (2005) ("After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is [ ...] the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'").

Because disciplinary segregation does not present "atypical and significant hardship" on Plaintiff in relation to the ordinary incidents of prison life, Plaintiff has no protected liberty interest. Sandin; see also Burkholder v. Newton, 2004 WL 2677161 (3d Cir. 2004). Plaintiff

6

has failed to state a due process claim upon which relief can be granted and accordingly, Defendants' motion to dismiss should be granted in this regard.

  **D.**  **Eighth Amendment**

Plaintiff alleges that Defendants' conduct violated his Eighth Amendment rights.[2]

Under the Eighth Amendment, prisoners are protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1994). But, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." Booth v. King, 228 Fed.Appx. 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's necessities." Id. quoting Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir.1990). Liability under 42 U.S.C. § 1983 requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation. White v. Napoleon, 897 F.2d at 108-09 quoting Estelle v. Gamble, 429 U.S. 97 (1976).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the

---

[2] Where a due process claim is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment." Ordonez v. Yost, 289 Fed.Appx. 553, 555 (3d Cir. 2008) citing Graham v. Connor, 490 U.S. 386, 395 (1989). However, this Court will conduct an analysis under both the Fourteenth Amendment's Due Process Clause and the Eighth Amendment.

7

injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994) An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 419 (3d Cir. 2000).

As to the first requirement, "prison conditions violate the Eighth Amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Robinson v. Carr, 99 F.3d 1150 (Table)(10th Cir.1991) quoting Rhodes, 452 U.S. at 346-47. As to the second requirement, deliberate indifference is a difficult standard to meet: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff's allegations are not sufficient to state an Eighth Amendment violation. The Eighth Amendment conditions alleged fall short of demonstrating cruel and unusual punishment because there is no evidence that they "inflict unnecessary or wanton pain" or are "grossly disproportionate to the severity of crimes warranting imprisonment," under the objective standard. Rhodes, 452 U.S. at 348-50. Thus, the facts alleged here do not constitute cruel and unusual punishment because they do not adequately allege that basic human needs were left unsatisfied. Tillman, 221 F.3d at 419 (prisoner was not subject to cruel and unusual punishment because he was never denied room, food, or other necessities).

Accordingly, the motion to dismiss should be granted in this regard.

**E.     Sixth Amendment**

Plaintiff alleges that Defendants have violated his constitutional rights under the Sixth

8

Amendment.³ However, the Sixth Amendment only applies in the context of criminal proceedings. Therefore, the motion to dismiss should be granted as to this claim.

### F. Futility of Amendment

Plaintiff has filed a motion to amend the complaint which is actually the proposed amended complaint. See Document # 26.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Id. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

While Plaintiff's proposed amended complaint adds flesh to the bones of the original and first amended complaint, Plaintiff does not make any new or different allegations that overcome the defects of the underlying complaint.⁴ Therefore, the motion to amend the complaint [Document # 26] should be dismissed as futile.

---

³ In his motion to amend the complaint (i.e., the proposed amended complaint), Plaintiff has deleted any reference to the Sixth Amendment. See Document # 26.

⁴ Additionally, Plaintiff refers to Lt. Skelewski as a Defendant in the proposed amended complaint, as well as in the body of the Opposition Brief and in the body of the first amended complaint. This individual was not specifically named as a Defendant in the first amended complaint, has not been added to the caption of this case, and has never been served with the complaint. However, naming him (or anyone else) as a Defendant to this action will not overcome any of the legal defects of the underlying complaint.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 17] be granted. It is further recommended that Plaintiff's motion to amend the complaint [Document # 26] be denied as futile. The Clerk of Courts should be directed to close this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187(3d Cir. 2007).

 

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: January 26, 2009