IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON SLOAN,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) C.A.No. 08-163 Erie<br>) |
| MARILYN BROOKS, et al.,<br>    Defendants. | )<br>) District Judge Sean J. McLaughlin<br>) Magistrate Judge Susan Paradise Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss Plaintiff's Third Amended Complaint [ECF No. 72] be granted. It is further recommended that Defendants' motion to dismiss Plaintiff's Second Amended Complaint [ECF No. 63] be dismissed as moot. The Clerk of Courts should be direct to close this case.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff is a state prisoner currently incarcerated at the State Correctional Institution ("SCI") in Somerset. At all times relevant to the instant matter, he was incarcerated at SCI-Albion. Plaintiff filed his First Amended Complaint in this case on July 31, 2008. [ECF No. 16]. He named the following individuals as defendants: Marilyn Brooks, the former Superintendent at SCI-Albion; William Cole, a Hearing Examiner; Timothy Mark, Deputy Chief Counsel for Hearings and Appeals; and, unnamed Program Review Committee officers. He claimed Defendants violated his constitutional rights in regards to a misconduct that he received on April 13, 2007.

Defendants filed a motion to dismiss, or, in the alternative, motion for summary

1

judgment. [ECF No. 17]. Plaintiff then filed a motion to file another amended complaint. [ECF No. 26]. On January 26, 2009, I issued a Report and Recommendation in which I recommended that Defendants' motion to dismiss be granted and that Plaintiff's motion to amend be denied as futile. [ECF No. 32]. The Court adopted that Report and Recommendation as the Opinion of the Court pursuant to an Order dated February 19, 2009, and the case was closed. [ECF No. 36].

Plaintiff filed objections [ECF No. 51] to the Report and Recommendation and clarified that he was challenging the results of Misconduct No. A703113, and not, as had been presumed, Misconduct No. A840326. He further asserted that the proceedings conducted on Misconduct No. A703113 were unlawful and as a consequence he must serve **twelve years** of disciplinary segregation. In light of Plaintiff's statements, the Court ordered the Clerk to reopen the case and allowed him to file a Second Amended Complaint, which was docketed on November 18, 2009. [ECF No. 60].

The Second Amended Complaint added as a defendant Lieutenant Ryan Szelewski. The allegations of the Second Amended Complaint were substantially the same as those in the First Amended Complaint: Szelewski issued Plaintiff a misconduct report on April 13, 2007, Defendant Cole found Plaintiff guilty of the charges of that misconduct without allowing him to present an adequate defense, and Brooks, Mark and unnamed Program Review Committee members improperly upheld Cole's decision. Plaintiff contended that as a result of the Defendants' unlawful conduct, he would be in disciplinary segregation **until 2020**.

The Defendants filed a motion to dismiss the Second Amended Complaint, or, in the alternative, motion for summary judgment. [ECF No. 63]. Rather than respond to this motion, Plaintiff filed another complaint. [ECF No. 70]. His Third Amended Complaint raises an Eighth Amendment claim and a due process claim and restates the same arguments that he raised in the previous complaints and adds as defendants four individuals. Three of those individuals, Nancy Giroux, Richard Hall, and Michael Clark, appear to be the "Program Review Committee Officers" that had been unnamed in the previous complaints. The fourth individual, Michael Mahlmeister, is a guard at SCI-Albion and is completely new to this action. Plaintiff

2

attached to the Third Amended Complaint 66-pages of exhibits, including the April 13, 2007 misconduct at issue, numbered A703113; numerous requests to staff members that he made during his disciplinary hearing proceeding and appeal process; the Disciplinary Hearing Report; his administrative appeal; the Program Review Committee's decision; and, his subsequent appeals of that decision.[1] Those exhibits show that Plaintiff received a sanction of **90 days disciplinary custody** on Misconduct No. A703113, and **not twelve years and/or segregation until 2020**, as he previously had alleged. [See ECF No. 70-1 at 8].

Because Plaintiff's Third Amended Complaint supercedes the Second Amended Complaint, Defendants' motion to dismiss and/or motion for summary judgment on the Second Amended Complaint [ECF No. 63] should be dismissed as moot.

The Defendants have filed a motion to dismiss the Third Amended Complaint [ECF No. 72], to which Plaintiff has filed a response [ECF No. 76]. The issues are fully briefed and this motion is ripe for disposition by this Court.

### B. Standards Of Review

#### 1. *Pro se* pleadings

*Pro se* pleadings, "however inartfully pleaded,"must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and

---

[1] The use of these exhibits by this Court does not automatically convert the motion to dismiss for failure to state a claim into a motion for summary judgment. See Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) ("certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 647 (7th Cir. 1992); Freeman v. Dep't of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by Plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its

4

face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, No. 07-cv-528, 2008 WL 482469, at *1 (D.Del. Feb. 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 (internal quotations omitted).

Recently, the United States Court of Appeals for the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." This "plausibility" requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d. 203, 210-11 (3d Cir. 2009) (internal quotations and citations omitted) (emphasis added).

### C. Fourteenth Amendment

Plaintiff alleges that Cole did not allow him to present an adequate defense to Misconduct No. A703113, in violation of his Due Process rights, and that the other Defendants, most of whom upheld Cole's decision in various appeals, contributed to this violation.

5

"Due process" is guaranteed through the Fourteenth Amendment of the United States Constitution which provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. The Due Process Clause was promulgated to secure the individual from the arbitrary exercise of the powers of government. The "procedural" aspect of the Due Process Clause requires the government to follow appropriate procedures to promote fairness in governmental decisions; while the "substantive" aspect of the Clause bars certain government actions regardless of the fairness of the procedures used to implement them so as to prevent governmental power from being used for purposes of oppression. Daniels v. Williams, 474 U.S. 327, 329-33 (1986).

Plaintiff claims Cole denied him procedural due process at his disciplinary hearing for Misconduct No. A703113 and that the other Defendants failed to remedy the situation. In analyzing a due process claim in the context of the claim presented here, the first step is to determine whether the nature of the interest is one within the contemplation of the liberty language of the Fourteenth Amendment. See Fuentes v. Shevin, 407 U.S. 67 (1972). A protected liberty interest may arise from the Constitution itself or from state-created statutory entitlement. Hewitt v. Helms, 459 U.S. 460, 466 (1983); Board of Regents v. Roth, 408 U.S. 564 (1972).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court announced a new rule for determining whether prison conditions deprive a prisoner of a liberty interest that is protected by the due process guarantees. The Court concluded that such a liberty interest arises whenever the deprivation suffered by the prisoner imposes an "*atypical and significant hardship* on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (italics added). Applying this test, the Supreme Court concluded that the prisoner at issue in Sandin did not have a protected liberty interest in remaining free of disciplinary detention or segregation "because his thirty-day detention, although punitive, 'did not exceed similar, but totally discretionary confinement in either duration or degree of restriction.'" Shoats v. Horn, 213 F.3d 140, 144 (3d Cir. 2000) quoting Sandin, 515 U.S. at 486. See also Wilkinson v. Austin, 545 U.S. 209, 223 (2005) ("After Sandin, it is clear that the touchstone of the inquiry into the existence of a

6

protected, state-created liberty interest in avoiding restrictive conditions of confinement is [...] the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'").

Because the 90-day disciplinary segregation Plaintiff received at Misconduct No. A703113 does not present "atypical and significant hardship" on him in relation to the ordinary incidents of prison life, he has no protected liberty interest. Sandin; see also Burkholder v. Newton, 116 F.App'x 358 (3d Cir. 2004) (quoting Sandin's holding that "[D]iscipline in segregated confinement d[oes] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."); Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (15 months in administrative custody "did not deprive [plaintiff] of a liberty interest and ... he was not entitled to procedural due process protection."); Smith v. Mensinger, 293 F.3d 641, 652 (3d Cir. 2003) (7 months custody not atypical). Therefore, Plaintiff has failed to state a due process claim upon which relief can be granted and accordingly, Defendants' motion to dismiss should be granted in this regard.

### D. Eighth Amendment

Plaintiff alleges that Defendants' conduct violated his Eighth Amendment rights.[2]

Under the Eighth Amendment, prisoners are protected from cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825 (1994). But, "not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights." Booth v. King, 228 F.App'x 167, 171 (3d Cir. 2007). Cruel and unusual punishment will only be found "where, viewing the totality of the conditions in the prison, the inmate's conditions of confinement, alone or in combination, deprive him of the minimal civilized measure of life's

---

[2] Where a due process claim is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment." Ordonez v. Yost, 289 F.App'x 553, 555 (3d Cir. 2008) citing Graham v. Connor, 490 U.S. 386, 395 (1989). However, analyses under both the Fourteenth Amendment's Due Process Clause and the Eighth Amendment are made herein.

7

necessities." Id. citing Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990). Liability under § 1983 requires "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) quoting Estelle v. Gamble, 429 U.S. 97 (1976).

In the non-medical context, the Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). To make out an Eighth Amendment claim based on prison conditions, the plaintiff must show "he has suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference." Farmer, 511 U.S. at 834. An objectively, sufficiently serious injury is one that denies the inmate "the minimal civilized measure of life's necessities," such as food, water, shelter. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 419 (3d Cir. 2000).

As to the first requirement, "prison conditions violate the Eighth Amendment if they result in the 'unnecessary and wanton infliction of pain,' are 'grossly disproportionate to the severity of the crime warranting imprisonment,' or result in an 'unquestioned and serious deprivation of basic human needs.'" Robinson v. Carr, 99 F.3d 1150 (Table) (10th Cir. 1991) quoting Rhodes, 452 U.S. at 346-47. As to the second requirement, deliberate indifference is a difficult standard to meet: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837.

Plaintiff's allegations are not sufficient to state an Eighth Amendment violation. He claims that his wrongful placement in disciplinary custody in the Restricted Housing Unit as a result of engaging in the misconduct at issue in No. A703113 constitutes cruel and unusual

punishment. His allegations cannot support a finding that Defendants "inflict[ed] unnecessary or wanton pain" or that he suffered "grossly disproportionate to the severity of crimes warranting imprisonment," under the objective standard. Rhodes, 452 U.S. at 348-50. See also Young v. Quinlin, 960 F.2d 351, 364 (3d Cir. 1992) ("[s]egregated detention is not cruel and unusual punishment per se, as long as the conditions are not foul, inhumane or totally without penological justification.")

In sum, the facts alleged in the Third Amended Complaint do not constitute cruel and unusual punishment because they do not adequately allege that basic human needs were left unsatisfied. Tillman, 221 F.3d at 419 (prisoner was not subject to cruel and unusual punishment because he was never denied room, food, or other necessities). Accordingly, the motion to dismiss should be granted with regard to Plaintiff's Eighth Amendment Claim.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss Plaintiff's Third Amended Complaint [ECF No. 72] be granted. It is further recommended that Defendants' motion to dismiss Plaintiff's Second Amended Complaint [ECF No. 63] be dismissed as moot. The Clerk of Courts should be direct to close this case.

In accordance with Fed.R.Civ.P. 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. No extensions of time will be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                S/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

Dated: August 10, 2010