IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON SLOAN,<br>  Plaintiff,<br><br> v.<br><br>MARILYN BROOKS, et al.,<br>  Defendants. | )<br>)<br>)<br>) C.A.No. 08-163 Erie<br>)<br>)<br>) District Judge Sean J. McLaughlin<br>) Magistrate Judge Susan Paradise Baxter |

## MEMORANDUM ORDER

This civil rights action filed pursuant to 42 U.S.C. § 1983 was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.

Plaintiff is a state prisoner. At all times relevant to the claims in this action, he was incarcerated at the State Correctional Institution in Albion, Pennsylvania. On April 13, 2007, during his incarceration there, he received Misconduct No. A703113. Defendant William Cole found Plaintiff guilty of the charges of that misconduct and sanctioned him to 90 days disciplinary custody. In his Third Amended Complaint, Plaintiff contends that his due process and Eighth Amendment rights were violated because Cole did not allow him to present an adequate defense to the misconduct, and because the other Defendants, most of whom upheld Cole's decision in various appeals, contributed to these violations.

Defendants filed a motion to dismiss the Third Amended Complaint. [ECF No. 72]. On August 10, 2010, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motion be granted because Plaintiff failed to state a claim upon

1

which relief can be granted. [ECF No. 77].[1] The parties were notified that objections were due by August 27, 2010. No objections were filed. Therefore, on August 30, 2010, after *de novo* review of the motion and documents in the case, together with the Report and Recommendation, the Court adopted the Report and Recommendation as the Opinion of the Court and directed the Clerk of Courts to close the case. [ECF No. 79].

A few days later, on September 2, 2010, Plaintiff filed Objections to the Report and Recommendation. [ECF No. 80]. Although his Objections are untimely, it appears that his recent transfer to another correctional institution may have delayed his receipt of the Report and Recommendation. Therefore, the Court will reopen the case and accept his Objections for consideration.

Where, as here, objections have been filed, the Court is required to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. See 28 U.S.C.§ 636(b)(1). We have carefully examined *de novo* all claims raised by Plaintiff in his objections and find that they have no merit. Defendants' motion to dismiss will be granted for the reasons set forth in the Report and Recommendation as supplemented herein. We write only to address Plaintiff's contention that he is bringing a substantive due process claim that was not discussed in the Report and Recommendation. For the reasons set forth below, that claim also shall be dismissed for failure to state a claim upon which relief can be granted.

**I.**

The constitutional right to "substantive due process" protects individuals against arbitrary governmental action, regardless of the fairness of the procedures used to implement them. Foucha v. Louisiana, 504 U.S. 71, 80 (1992). See also Collins v. Harker Heights, 503 U.S. 115, 126 (1992) (the Due Process Clause was intended to prevent government officials

---

[1] It was further recommended that the Defendants' motion to dismiss Plaintiff's Second Amended Complaint [ECF No. 63] be dismissed as moot.

from abusing power, or employing it as an instrument of oppression); Wolff v. McDonnell, 418 U.S. 539, 558 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government.").

A substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted, because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which the United States Court of Appeals for the Third Circuit has termed "conscience shocking." Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." Id. at 247-48.

Nothing alleged in the Third Amended Complaint rises to the level of conscience shocking behavior that would support a substantive due process claim. It was within the discretion of Defendant Cole to determine whether Plaintiff was in fact guilty and he could decide what weight, if any, to give the evidence of Plaintiff's guilt and the evidence of his innocence, even considering any claims of actual innocence by Plaintiff. Given that the Program Review Committee and the Superintendent decided to uphold the disciplinary sanction, they apparently determined that the evidence against Plaintiff was true and Plaintiff's denials were not. Such determinations are completely within the Defendants' discretion and should not be overturned even if this Court were to find to the contrary, *i.e.*, that Plaintiff was not guilty of the disciplinary infraction. This is so because the Defendants are entitled to make their own factual determinations. Even if the Defendants were erroneous in determining that Plaintiff was guilty, such an error does not constitute a substantive due process violation. Bishop v. Wood, 426 U.S. 341, 350 (1976) ("The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect ... decisions"); Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994) (applying rule of Bishop v. Wood in a prisoner case); Palmigiano v. Mullen, 491 F.2d 978, 980 (1st Cir. 1974) ("There is no federally-protected right to a particular classification nor even to an

error-free decision by the state authorities. 'The Constitution does not assure uniformity of decisions or immunity from merely erroneous action, whether by the courts or the executive agencies of a state.'") quoting Snowden v. Hughes, 321 U.S. 1, 15 (1944) (Frankfurter, J., concurring)); Tansy v. Mondragon, 52 F.3d 338 (Table), 1995 WL 216926, at *5 (10th Cir. 1995) ("Even assuming that some of the allegations against Mr. Tansy were inaccurate, this does not establish a factual dispute as to whether he was deprived of substantive due process.").

In conclusion, the Third Amended Complaint pleads only broad generalities which do not rise to the level of egregiousness necessary to state a cognizable substantive due process claim. Accordingly, that claim is dismissed along with the procedural due process and Eighth Amendment claims addressed in the Report and Recommendation.

## II.

AND NOW, this 10th day of September, 2010;

Following a *de novo* review of the pleadings and record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted as the opinion of this Court as supplemented herein.

IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.

                                                s/ Sean J. McLaughlin
                                                United States District Judge

cm: All parties of record.